## National Bank of the Republic of Chicago, Defendant in Error; v. Francis Cropper, Plaintiff in Error.

### Gen. No. 21,216.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Hugh J. Kearns, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by the National Bank of the Republic of Chicago, plaintiff, against Francis Cropper, defendant, on seven promissory notes for rent drawn by defendant to order of Joseph Klor, his landlord, and by the latter indorsed in blank. From a judgment for plaintiff, defendant appeals.

Klor was accustomed to hold checks for a long time before presenting them to the bank for payment. Cropper had been Klor's tenant for years, and gave him a check for rent every month. All the checks so given had been paid by the bank and returned to Cropper except the seven checks sued on. Cropper closed his account with the plaintiff bank June 15, 1912, and sold his business to Stein. June 17, 1912, Klor had in his possession the seven checks in question. On that day he indorsed them in blank and delivered them to Struve, Cropper's manager, and for them Struve gave Klor his check on the plaintiff bank for $641.62, the sum the seven checks amounted to. June 26, 1912, the check Struve gave to Klor was paid to Klor by the bank. Struve, by accident or otherwise, failed to deposit with the bank the seven checks he received from Cropper, and as a result his account was overdrawn about $615. About six months after Cropper closed his bank account with the bank, the seven checks sued on were found in the drawer of a typewriter desk in the office of the Francis Cropper Company, the suc-

cessor in business of Francis Cropper, of which company Struve was the manager. In September, 1915, Struve gave the checks sued on to the attorneys of the plaintiff bank, and told them to give the checks to the bank as security for their claim against him.

There was no evidence tending to show a direct payment of the checks by Cropper. His contention was that Klor was paid for the checks by Struve out of funds in his possession belonging to Cropper. This contention was supported at the trial only by the testimony of defendant's attorney in the cause in the Municipal Court and in this court as to an admission by Struve, and his testimony was contradicted by Struve.

T. F. MONAHAN, for plaintiff in error.

NEWMAN, POPPENHUSEN & STERN, for defendant in error; LAWRENCE A. COHEN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

BILLS AND NOTES, § 451*—*when evidence sufficient to sustain finding that notes were not paid.* In an action by a bank on several promissory notes against the maker, evidence *held* sufficient to sustain a finding that the notes had not been paid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.